IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

JOSHUA V. DUNLAP,

          **Petitioner,**

v.                                    Case No. 25-CV-063-JFH-JAR

DAVID ROGERS,[1]

          **Respondent.**

## OPINION AND ORDER

Petitioner Joshua V. Dunlap ("Petitioner"), a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against him in the District Court of Sequoyah County, Case No. CF-2017-625. Respondent David Rogers ("Respondent") has moved to dismiss the petition, arguing that Petitioner failed to file it within the one-year limitations period prescribed in 28 U.S.C. § 2244(d)(1) and failed to exhaust available state remedies before filing the petition, in contravention of 28 U.S.C. § 2254(b)(1). Petitioner did not submit a response. Having considered the petition [Dkt. No. 1] and Respondent's motion to dismiss [Dkt. No. 13] and brief in support [Dkt. No. 14], the Court grants Respondent's motion and dismisses the petition with prejudice, as barred by the statute of limitations.

## BACKGROUND

Following a plea of nolo contendere, Petitioner was convicted on January 19, 2018, of child endangerment by driving under the influence, diving a motor vehicle while under the influence of alcohol, and failure to carry insurance/security verification form. Dkt. No. 14-1 at 2; Dkt. No. 14-

---

[1] Petitioner presently is incarcerated at the Red Rock Correctional Center, in Lawton, Oklahoma. The Court therefore substitutes Red Rock Correctional Center's interim warden, David Rogers, in the place of Steven Harpe, as party respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

2 at 1.  The state district court imposed a ten-year sentence on Count 1, suspended upon the completion of the Drug Offender's Work Camp program or similar program.  Dkt. No. 14-2 at 1.  The court additionally imposed a six-month suspended sentence on Count 2 and dismissed Count 3.  *Id.*  Petitioner did not seek leave to withdraw his plea within 10 days of sentencing or otherwise seek direct review of his conviction and sentence through a certiorari appeal with the Oklahoma Court of Criminal Appeals ("OCCA").  Dkt. No. 14-1 at 5; *see Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012) (discussing criminal appeal process in Oklahoma).  Petitioner's suspended sentence for Count 1 was ultimately revoked.[2]  Dkt. Nos. 14-4, 14-8.

Nearly seven years after his conviction, on December 11, 2024, Petitioner filed an application for postconviction relief in which he contends the state district court lacked jurisdiction, under the reasoning of *McGirt v. Oklahoma*, 591 U.S. 894 (2020).  Dkt. No. 14-9.  The state district court denied relief on January 16, 2025.  Dkt. No. 14-13.  From December 2024 to March 2025, Petitioner additionally filed in the state district court three motions to dismiss, a motion to stay, and a filing styled "Order of Immediate Release."  Dkt. Nos. 14-10, 14-11, 14-14, 14-17, 14-8.  Petitioner also sought mandamus relief in the OCCA on January 13, 2025, in relation to his application for postconviction relief.  Dkt. No. 14-15.  The OCCA declined jurisdiction on February 12, 2025.  Dkt. No. 14-16.

Petitioner filed his federal habeas petition on February 6, 2025, alleging violation of his due process rights and the Major Crimes Act, 18 U.S.C. § 1153.  Dkt. No. 1, at 5-9.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state prisoners have

---

[2]  There is no indication Petitioner is challenging the revocation of his suspended sentence as opposed to, or in addition to, his underlying convictions.  *See* Dkt. No. 14 at 10 n.3.

one year from the latest of four triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). These events include:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; [and]
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period generally runs from the date the judgment became final under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

   a.   The Applicable Limitations Period

Petitioner first suggests his petition is timely under "the new ruling of *Graham*." Dkt. No. 1 at 13. Petitioner does not provide a full citation to the case. However, as noted by Respondent, to the extent Petitioner is referring to *Graham v. White*, 678 F. Supp. 3d 1332 (N.D. Okla. 2023), *rev'd*, 101 F.4th 1199 (10th Cir. 2024), that decision was not a Supreme Court decision newly recognizing a constitutional right, nor does it otherwise trigger 28 U.S.C. § 2244(d)(1)(B)-(D).

Petitioner also contends that § 2244(d)(1) does not bar his petition because "jurisdiction can be raised at any time." Dkt. No. 1 at 12. Claims that a judgment was imposed without proper jurisdiction, however, are not exempt from the AEDPA's one-year statute of limitations. *See Pacheco v. El Habti*, 62 F.4th 1233, 1245 (10th Cir. 2023) ("When Congress enacted the limitations period in AEDPA, it discerned no reason to provide a blanket exception for

3

jurisdictional claims."); *Murrell v. Crow*, 793 F. App'x 675, 679 (10th Cir. 2019) (holding that, "as with any other habeas claim," the petitioner's claim that the trial court lacked jurisdiction to accept his plea was "subject to dismissal for untimeliness" (alteration and internal quotation marks omitted));[3] *Owens v. Whitten*, 637 F. Supp. 3d 1245, 1251 (N.D. Okla. 2022) ("[N]o language in § 2244(d)(1)(A)—or any other provision of § 2244(d)(1)—supports that the one-year statute of limitations does not apply to judgments that are allegedly 'void' for lack of jurisdiction.").

Thus, Petitioner's one-year limitation period to seek federal habeas relief is governed by § 2244(d)(1)(A). Petitioner's judgment became final on January 29, 2018, upon the expiration of his ten-day deadline to seek withdrawal of his plea. *See Clayton*, 700 F.3d at 441; Okla. Crim. App. R. 4.2(A). His one-year limitation period began to run the following day and expired one year later, on January 30, 2019. Petitioner failed to file his federal habeas petition by that date, instead waiting until February 6, 2025, to request habeas relief. Accordingly, his petition is untimely under § 2244(d)(1)(A) absent statutory or equitable tolling.

  b. <u>Statutory and Equitable Tolling</u>

Under 28 U.S.C. § 2244(d)(2), the limitations period is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). This statutory tolling provision, however, does not apply to applications for state postconviction or other collateral review filed beyond the one-year limitations period prescribed by the AEDPA. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *Anderson v.*

---

[3] The Court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

*Cline*, 397 F. App'x 463, 464 (10th Cir. 2010) ("[I]t is long settled that a state court motion for collateral relief cannot restart the clock on a limitations period that has already expired."). Petitioner's 2024 application for postconviction relief was filed nearly six years after the expiration of the AEDPA's one-year limitations period and does not, therefore, trigger statutory tolling under § 2244(d)(2). Nor do Petitioner's subsequent filings in the state district court and OCCA.

While the AEDPA's statute of limitations also may be subject to equitable tolling, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Nothing in Petitioner's submissions indicates that extraordinary circumstances precluded the timely submission of his action or that he pursued his claims diligently. Petitioner states that he was transferred to six "different yards" in one year and experienced periods of "lockdown" in which he lacked library access. Dkt. No. 1 at 12-13. His nonspecific assertions of transfers and sporadic lockdowns, however, fail to account for his failure to seek habeas relief within the limitations period or the six subsequent years. *See Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) ("An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (alteration and internal quotation marks omitted)); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) ("[A] claim of insufficient access to relevant law . . . is not enough to support equitable tolling.").

## CONCLUSION

Based on the foregoing, the Court grants Respondent's motion to dismiss [Dkt. No. 13] and dismisses the petition as barred by the one-year statute of limitations. In addition, the Court declines to issue a certificate of appealability because the Court finds that no reasonable jurists would debate the dismissal of the petition on statute-of-limitations grounds. 28 U.S.C. § 2253(c);

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

ACCORDINGLY, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss [Dkt. No. 13] is GRANTED;

2. the petition for writ of habeas corpus [Dkt. No. 1] is DISMISSED with prejudice as barred by the AEDPA's statute of limitations;

3. a certificate of appealability is DENIED; and

4. a separate judgment shall be entered in this matter.

Dated this 20th day of October, 2025.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE